UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MIGUEL RUIZ, et al.,<br><br>    Defendants. | No. 2:20-cv-1525-JPD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, ECF No. 1, he has filed an application to proceed in forma pauperis, ECF No. 2, and a request for appointment of a Spanish-speaking lawyer, ECF No. 3. For the reasons stated below, I will grant his application to proceed in forma pauperis, deny his request for counsel, and dismiss his complaint with leave to amend.

<u>Application to Proceed In Forma Pauperis</u>

I have reviewed plaintiff's application and find that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, by separate order, the court will direct the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. §§ 1915(b)(1) and (2).

/////

/////

<u>Screening</u>

I.    <u>Legal Standards</u>

Federal courts are required to screen cases in which prisoners seek redress from either a governmental entity or an officer or employee thereof. 28 U.S.C. § 1915A(a). The court must dismiss any complaint or portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-63 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

II.    <u>Analysis</u>

Plaintiff's allegations in the complaint are written almost entirely in Spanish. ECF No. 1.

Documents submitted in a language other than English will not be accepted for filing. *See United States v. Rivera-Rosario*, 300 F.3d 1, 5 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English."). Other courts in this district have rejected filings in other languages that would require translation. *See, e.g.*, *Ruiz v. Mobert*, No.: 1:17-cv-00709-BAM (PC), 2017 U.S. Dist. LEXIS 103648, *1 (E.D. Cal. Jul 5, 2017) ("As Plaintiff has been previously informed, the Court cannot provide Plaintiff with translated documents, nor will it translate his documents from Spanish into English."). Since it is possible that plaintiff may be able to state a cognizable claim, the complaint is dismissed with leave to file a first amended complaint.

### III.     Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as defendants only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (explaining that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a). Any amended complaint must contain a caption that includes the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605 at 607.

Any amended complaint must be written or typed so that it is complete in and of itself, without reference to any earlier-filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier-filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[The] 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above

3

1 requirements. Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual
2 background that has no bearing on his legal claims.  He should also make sure that his amended
3 complaint is as legible as possible, considering not only to penmanship but also spacing and
4 organization.  Plaintiff should consider whether each of the defendants he names actually had
5 involvement in the constitutional violations he alleges.  A "scattershot" approach in which
6 plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Request for Spanish-Speaking Counsel</u>

Plaintiff requests the assistance of a Spanish speaking attorney.  ECF No. 3.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.

Plaintiff has also requested the assistance of a Spanish language interpreter, as plaintiff's primary language is not English.  The court will deny the request at this early stage of the proceedings.  Moreover, plaintiff fails to point to any authority authorizing the expenditure of public funds for a court-appointed interpreter in a civil action.  *See Gonzalez v. Bopari*, No. 1:12-cv-01053-LJO-GBC, 2012 U.S. Dist. LEXIS 178295 (E.D. Cal. Dec. 17, 2012) (discussing lack of statutory authority for court to appoint interpreters in civil in forma pauperis actions).

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is GRANTED.
2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's request for a Spanish speaking attorney is DENIED without prejudice.
4. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend within 30 days of service of this order.
5. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: October 8, 2020

_____
UNITED STATES MAGISTRATE JUDGE