UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN RODRIGUEZ,<br><br>   Plaintiff,<br><br> v.<br><br>MIGUEL RUIZ, *et al.*,<br><br>   Defendants. | Case No. 2:20-cv-01525-JDP (PC)<br><br>SCREENING ORDER<br><br>ORDER THAT PLAINTIFF:<br><br>(1) NOTIFY THE COURT THAT HE WILL PROCEED ONLY ON THE CLAIMS SANCTIONED BY THIS ORDER AND WILL VOLUNTARILY DISMISS ALL OTHER DEFENDANTS AND AMEND TO REMOVE ALL OTHER CLAIMS;<br><br>(2) FILE A SECOND AMENDED COMPLAINT; OR<br><br>(3) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>THIRTY-DAY DEADLINE<br><br>ECF No. 13 |

  Plaintiff Julian Rodriguez is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's initial complaint was dismissed with leave to amend because it was written in Spanish. ECF No. 10. On October 22, 2020, plaintiff filed an amended complaint in English. ECF No. 13. He alleges that defendants Ruiz and Gonzalez used

1  excessive force against him after he refused to return to prison after a hospital visit. *Id.* at 3-4.
2  He alleges that defendant Lynch, the warden of California State Prison, Sacramento, is liable for
3  failing to properly train defendants Ruiz and Gonzalez. *Id.* at 5. I find, for the reasons stated
4  below, that plaintiff has stated cognizable excessive force claims against defendants Ruiz and
5  Gonzalez, but that he has failed to state a cognizable failure to train claim against Lynch.

## Screening and Pleading Requirements

7  A federal court must screen a prisoner's complaint that seeks relief against a governmental
8  entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable
9  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
10 claim upon which relief may be granted, or seeks monetary relief from a defendant who is
11 immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).
12 A complaint must contain a short and plain statement that plaintiff is entitled to relief,
13 Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
14 face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
15 require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
16 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
17 possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
18 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
19 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
20 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
21 n.2 (9th Cir. 2006) (en banc) (citations omitted).
22 The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
23 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
24 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
25 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
26 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
27 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
28 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

| | |
|---|---|
| 1 | Analysis |

2     Plaintiff alleges that, on June 4, 2019, he refused orders to return to prison after a visit to
3 San Joaquin General Hospital. ECF No. 13 at 3. He did not physically threaten the officers who
4 escorted him, choosing instead to remain seated as he refused their orders. *Id.* After some time,
5 plaintiff rose and turned to face the wall. *Id.* When plaintiff's back was turned, defendant Ruiz
6 struck him in the back of the head five times with a baton. *Id.* Plaintiff fell to the floor and Ruiz
7 kicked him twice in the face. *Id.* Defendant Gonzalez was present and did not intervene to stop
8 Ruiz from using the excessive force described above. *Id.* at 4. It was only when plaintiff lay
9 bloodied on the floor that Gonzalez finally urged Ruiz to stop. *Id.* These allegations, taken as
10 true, state viable Eighth Amendment excessive force claims against both Gonzalez and Ruiz.

11     Plaintiff does not allege that defendant Lynch was present during Ruiz's use of force. He
12 alleges only that Lynch did not adequately train Ruiz or Gonzalez. *Id.* at 5. This claim cannot
13 proceed because plaintiff does not describe what aspect of the officers' training was deficient.
14 *See, e.g.*, *McFarland v. City of Clovis*, 163 F. Supp. 3d 798, 806 (E.D. Cal. 2016) ("Alleging that
15 training is 'deficient' or 'inadequate' without identifying a specific inadequacy is conclusory and
16 does not support a plausible claim."). Plaintiff may choose to: (1) proceed only with his Eighth
17 Amendment claims against Ruiz and Gonzalez, (2) file another amended complaint, or (3) stand
18 on the current complaint subject to a recommendation that his claim against Lynch be dismissed.

19                                                Leave to Amend

20     Should plaintiff choose to amend the complaint, the amended complaint should be brief,
21 Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff
22 of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d
23 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to
24 relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
25 Plaintiff must allege that each defendant personally participated in the deprivation of his rights.
26 *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the
27 allegations are ordered chronologically will help the court identify his claims. Plaintiff should
28

describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint states, for screening purposes, viable Eighth Amendment excessive force claims against defendants Ruiz and Gonzalez. He may proceed with those claims and voluntarily dismiss all other claims and defendants or he may delay serving any defendant and file another amended complaint. If plaintiff chooses to file an amended complaint, it must be filed within sixty days of this order's entry. Finally, plaintiff may decline to either file an amended complaint or voluntarily dismiss his non-cognizable claims. In that event, he should advise the court that he intends to stand on his current complaint. I will then enter findings and recommendations that the non-cognizable claims identified in this order be dismissed.

2. The Clerk of Court shall send plaintiff a prisoner complaint form with this order.

3. Failure to comply with any part of this this order may result in dismissal for failure to prosecute.

IT IS SO ORDERED.

Dated: December 23, 2020

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN RODRIGUEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>MIGUEL RUIZ, *et al*.<br><br>        Defendants. | No. 2:20-cv-1525-JDP (PC)<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the Eighth Amendment excessive force claims against defendants Ruiz and Gonzalez. Choosing this option obligates him to voluntarily dismiss all other claims and defendants.

OR

(2) _____ delay serving any defendant and files an amended complaint.

OR

(3) _____ stand on his complaint subject to a recommendation that the non-cognizable claims identified in the screening order be dismissed.

5

                                                                                    _____

                                                                                      Plaintiff

Dated: